RECEIVED

AUG 23 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RICHARD STAMPLEY, III, Plaintiff | CIVIL ACTION NO. 1:15-CV-00104 |
| VERSUS | CHIEF JUDGE DRELL |
| DERECK TURNER, ET AL. Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment (Doc. 23) filed by Defendants, Derick Turner ("Turner"), John Lacaze ("Lacaze"), Adam Patrick ("Patrick"), and Paul Merl ("Merl") (collectively, "Defendants"). Pro se Plaintiff Richard Stampley, III ("Stampley"), did not oppose the Motion.

Stampley failed to exhaust administrative remedies available to him before filing this lawsuit. Accordingly, his claims are barred under the Prison Litigation Reform Act, 42 U.S.C. § 1997 *et seq.* ("PLRA"). Summary judgment is mandated.

I. Background

Stampley is an inmate at the Natchitoches Parish Detention Center ("NPDC"). At the time relevant to this lawsuit, Turner was a Captain at the NPDC. Lacaze was a Correctional Officer, Patrick was a Sergeant working at the NPDC, and Merl was a Lieutenant. All worked at NPDC.

Stampley alleges that, on December 2, 2014, he reported to Lacaze that other inmates were disgruntled. The inmates were apparently upset that Turner moved a

1

fan out of their dormitory.  Stampley claims he made this report to prevent the other inmates from "inciting a riot."

According to Stampley, an altercation involving all four Defendants ensued. Stampley claims Defendants violently battered him, and that the force used against him was unjustified.  Defendants claim Stampley threatened to incite a riot.  Once confronted, Stampley refused to comply with their instructions, and then physically resisted them, causing the altercation.  Defendants further allege that any force used against Stampley was reasonable under the circumstances.

Stampley states that he filed a grievance regarding this incident.  Stampley attached an "Administrative Remedy Procedure" ("ARP") form to his initial Complaint.  (Doc. 1-2).  However, the ARP form is incomplete.  Although signed by Stampley and dated December 6, 2014, the remainder of the form – which would have indicated receipt of the form, the name of a screening officer, and the disposition of Stampley's complaint – is blank.

Defendants do not directly address this ARP form in their Motion.  However, Defendants submitted an Affidavit from Warden Dean Dove indicating that "no ARP has been filed by or on behalf of Richard Stampley, III for actions arising out of a use of force on December 2, 2014" or any other incident.  (Doc. 23-5).

## II.  Law and Analysis

### A.  Summary judgment standard.

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  Paragraph

(e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly
> address another party's assertion of fact as required by Rule 56(c), the
> court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--
> including the facts considered undisputed--show that the movant is
> entitled to it; or
> (4) issue any other appropriate order.[1]

"A genuine dispute of material fact exists 'if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party.'"  Hefren v.

McDermott, Inc., 820 F.3d 767, 771 (5th Cir. 2016) (quoting Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).  In deciding a

motion for summary judgment, a court must construe all facts and draw all inferences

in the light most favorable to the non-movant.  Dillon v. Rogers, 596 F.3d 260, 266

(5th Cir. 2010).  However, a mere scintilla of evidence is insufficient to defeat a motion

for summary judgment.  Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

**B.**   **Stampley failed to exhaust his administrative remedies.**

Under 42 U.S.C. § 1997e(a) of the PLRA, "[n]o action shall be brought with

respect to prison conditions under section 1983 of this title, or any other Federal law,

---

[1] Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in
a statement of undisputed facts submitted by the moving party will be deemed
admitted unless the opposing party controverts those facts.  Because Stampley failed
to dispute the facts offered by Defendants in their statements, those facts are deemed
admitted for purposes of the pending motions.

by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is mandatory, regardless of the forms of relief sought and offered through administrative remedies. Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819 (2001).  The exhaustion requirement applies to all inmate suits about prison life, including general circumstances or particular episodes, and excessive force or any other wrong. Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).

Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact. Dillon, 596 F.3d at 266 (citing Carty v. Thaler, 583 F.3d 244, 252 (5th Cir. 2009)).  And while the availability of administrative relief is a question of law, that question may turn on certain factual issues. See Dillon, 596 F.3d at 266.

"Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them." Cantwell v. Sterling, 788 F.3d 507, 509 (5th Cir. 2015) (citing Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)). Because exhaustion is an affirmative defense, prison officials bear the burden of establishing both the availability of a grievance procedure and the failure to exhaust remedies under that procedure. Id. (5th Cir. 2015).  The exhaustion requirement must be strictly construed, meaning "prisoners must not just substantially comply with the prison's grievance procedures, but instead must 'exhaust available remedies properly.'" Wilson v. Epps, 776 F.3d 296, 300 (5th Cir. 2015) (quoting Dillon v. Rogers, 596 F.3d 260, 268 (5th Cir. 2010).  "District courts have no discretion to

4

excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012).

In this case, Defendants have established that an ARP was in place and available to Stampley at the time of his alleged injuries.[2] Defendants submitted a verified copy of the "Inmate Handbook" provided to all inmates upon arrival at the NPDC. The Inmate Handbook clearly sets forth the ARP, and further warns that an inmate's failure to complete each step of the ARP may bar an inmate from later bringing a claim in court. (Doc. 23-5, pp. 27-28). The ARP is a three-step process, ending with the sheriff's review of an inmate's grievance. The ARP submitted with Defendants' Motion was in place on December 2, 2014, and was therefore available to Stampley.

Defendants have also established that Stampley failed to exhaust his remedies under the ARP. Stampley filed an ARP form dated December 6, 2014, and claimed – summarily – that he "filed a grievance." However, Warden Dove's affidavit indicates that Stampley's grievance was simply never received.

Stampley offers no explanation for his failure to file the ARP form. And Stampley offers no indication that, if he filled out the ARP form on December 2, 2014, he actually filed or pursued his grievance to its conclusion before filing suit.

---

[2] Under La. R.S. 15:1171(A), the Louisiana Department of Public Safety and Corrections and each sheriff are directed to "adopt an administrative remedy procedure ["ARP"] at each of their adult and juvenile institutions, including private prison facilities," including   Such procedures may include "procedures for receiving, hearing, and disposing of any and all complaints and grievances by adult or juvenile offenders against . . . a sheriff, his deputies, or employees, which arise while an offender is within the custody or under the supervision of . . . a sheriff." Id. An ARP concerning a delictual action – including a claim under § 1983 – must be instituted within 90 days. La. R.S. 15:1172(B)(1). The ARP in place on December 2, 2014 at the NPDC complies with these statutory requirements.

Defendants, however, submit uncontroverted evidence that Stampley did not pursue his grievance through even the first of the three ARP stages.  The incomplete ARP form aside, Stampley offers neither evidence nor argument to the contrary.

There is no genuine issue of material fact regarding Stampley's failure to "properly exhaust" – or even "substantially comply" with – the ARP.

III.  **Conclusion**

Because the evidence indicates that Stampley never submitted or pursued an ARP form, Stampley failed to exhaust his administrative remedies.  The Court therefore has no discretion; dismissal is mandatory.

IT IS HEREBY RECOMMENDED that the Motion for Summary Judgment (Doc. 23) filed by Defendants, Derick Turner, John Lacaze, Adam Patrick, and Paul Merl be GRANTED, and that all claims against Defendants be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this _____ day of August, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge

7